# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**FRANCIS BROWN (#540790)**                           **CIVIL ACTION NO.**

**VERSUS**                                            **19-763-BAJ-EWD**

**DARRYL VANNOY**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 25, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FRANCIS BROWN (#540790)  CIVIL ACTION NO.

VERSUS  19-763-BAJ-EWD

DARRYL VANNOY

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Complaint of Francis Brown ("Plaintiff").[1] For the following reasons, it is recommended this action be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

**I.  Background**

Plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, instituted this action pursuant to 42 U.S.C. § 1983 against Darryl Vannoy alleging violations of his right to be free from cruel and unusual punishment based on various instances of conduct that he asserts constitute deliberate indifference to a serious medical need.

**II.  Law & Analysis**

**A.  Standard of Review**

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action against a governmental entity or an officer or employee of a governmental entity if the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal.[2] Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

---

[1] R. Doc. 1.

[2] § 1915(e) provides a procedural mechanism for dismissal of those lawsuits against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on November 8, 2019. (R. Doc. 3).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[3] A claim has no arguable basis in law if it is based upon a meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[4] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the rare power to pierce the veil of the factual allegations.[5] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of this evaluation.[6]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[7] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party.[8] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[11]

---

[3] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[4] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[5] *Denton,* 504 U.S. at 32.
[6] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[7] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[8] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[10] *Id.*
[11] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

2

## B. Plaintiff's Claims Should be Dismissed With Prejudice and Without Leave to Amend

It appears Plaintiff's claims center around Vannoy's role as the Warden at LSP. To the extent Plaintiff seeks to hold Vannoy liable for his supervisory role, such a claim fails.

Supervisory officials may be held liable under § 1983 only if they affirmatively participate in acts that cause constitutional deprivation or implement unconstitutional policies that cause the plaintiff's injury.[12] An allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983.[13] Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.[14] The policy implemented by the supervisor must be so deficient as to be a denial of constitutional rights.[15]

Plaintiff does not make any allegation that Vannoy was personally involved in the conduct and does not make any allegations regarding specific policies that may or may not be in place. Further, supervisory officials, such as Vannoy, who is the Warden at LSP, generally have no personal involvement in the day to day medical care of inmates at the facilities.[16] Considering the

---

[12] *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

[13] *See Iqbal*, 556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").

[14] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).

[15] *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).

[16] *See Hailey v. Savers,* 240 Fed. Appx. 670, 672 (5th Cir. 2007)(affirming dismissal of deliberate indifference claims against prison medical administrator because the plaintiff failed to allege specific facts to demonstrate that the administrator had personal involvement in placing the plaintiff in a job assignment that posed a substantial risk of

3

lack of personal involvement and lack of allegations of unconstitutional policies implemented by Vannoy, Vannoy cannot be held liable pursuant to § 1983.[17]

Even if Plaintiff had named the proper person(s) as defendant(s), his claims for deliberate indifference to a serious medical need lack merit. First, Plaintiff complains that despite making an emergency request for medical assistance due to back pain, when an EMT saw Plaintiff, he was instructed to keep a previously scheduled doctor's appointment and was charged $6.00 for the visit by the EMT.[18] Plaintiff also complains that he was prescribed medication that stated on the label it was to be taken under doctor's supervision, but the medication was instead given to him by security.[19]

To establish liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must demonstrate that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs."[20] Whether the plaintiff has received the treatment or accommodation that he believes he should have is not sufficient absent exceptional circumstances.[21] Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action.[22] Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment.[23] In *Farmer*, the United States Supreme Court laid out both an objective, and a subjective, prong for this analysis.[24] Under the objective prong, a plaintiff must demonstrate that

---

harm or that the administrator implemented policies to physically harm the plaintiff). Vannoy, as Warden, is even further removed from day-to-day medical decisions than a prison medical administrator.

[17] *Lozano*, 718 F.2d at 768 (5th Cir. 1983).
[18] R. Doc. 1-1, pp. 2-5, 8.
[19] R. Doc. 1-1, pp. 3-5. ("Regular security delivered meds. Prescribed to be under the supervision of a doctor, and left it in the personal possession of the inmate.").
[20] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985).
[21] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted).
[22] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991).
[23] *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).
[24] *Id.* at 837.

4

"the deprivation alleged [was], objectively, 'sufficiently serious.'"[25] To meet the subjective prong, a plaintiff must show that prison officials acted with a "sufficiently culpable state of mind."[26] The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[27] Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm.[28]

Based on Plaintiff's allegations, it appears as though he had a fatty tumor on his back that was treated first conservatively, and when conservative treatment failed, Plaintiff underwent surgery.[29] Plaintiff also complains that he was given medication that did not correct his fatty tumor, so he must have been given incorrect medication, which was consumed for seven days.[30] Plaintiff does not allege he sustained any injuries, and his claim that he was given "incorrect" medication is wholly speculative and conclusory.[31] Such speculative and conclusory allegations are insufficient to state a claim.[32] Further, if Plaintiff was mistakenly given the incorrect medications, such a claim sounds in negligence, not deliberate indifference.[33]

---

[25] *Id.* at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).
[26] *Id.*
[27] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), *quoting Estelle v. Gamble*, *supra*.
[28] *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).
[29] R. Doc. 1-1, pp. 4-5.
[30] R. Doc. 1-1, p. 7.
[31] To the extent Plaintiff alleges he was in fear of his life because he thought he had been given the incorrect medication without doctor's supervision, such a claim also fails, as fear of a substantial risk of serious harm does not itself constitute a substantial risk of serious harm. *See Johnson v. Head*, No. 05-14, 2006 WL 1342814, at *4 (S.D. Tex. May 15, 2006) ("[t]he fact that certain inmates 'walk around constantly in fear of their life and of personal harm' does not pose a substantial risk of serious harm. Inmates may fear a substantial risk of serious harm. However, the fear itself is not a substantial risk of serious harm.").
[32] *See McKay v. Geo Group, Inc.*, No. 07-1531, 2007 WL 4590308, at *2 (W.D. La. Oct. 29, 2007).
[33] *Daniels v. Beasley*, 241 Fed. Appx. 219, 220 (5th Cir. 2007). Plaintiff repeatedly refers to his claims as related to medical negligence. *See* R. Doc. 1-1, p. 2 ("overlooks the healthcare negligences [sic] imposed" and accusing prison officials of trying to gain "some type of partiality concerning its present negligence at issue"); *Id*., p. 3 (characterizing security officers providing medication that is required to be taken under a doctor's supervision as "pure negligence"); *Id.* at p. 4 (alleging that damages inflicted due to multiple instances of "health care negligence"); and *Id*., p. 7 ("logic would rationally amplify negligence's [sic] .. as to the chances of meds being incorrect").

5

Plaintiff's remaining claims regarding the alleged lack of treatment are best classified as complaints regarding a delay in medical care, and he has not alleged any harm at all, much less substantial harm.  Further, it appears as though Plaintiff was treated and treated promptly.  He was promptly given medication in an attempt to remedy his back pain, and when medication did not work, Plaintiff was referred for minor surgery within *one month* of his initial complaint of back pain.[34]  "Plaintiff's dissatisfaction with the treatment he received is not sufficient to establish a constitutional violation."[35]  Accordingly, even if Plaintiff had named the proper defendants, his allegations, taken as true, fail to state a claim for deliberate indifference, such that dismissal of Plaintiff's federal claims should be with prejudice and without leave to amend.[36]

To the extent Plaintiff complains about being charged for medical treatment, such claims also lack merit.  Inmates are not entitled to free medical care, so the fact that Plaintiff was charged a fee fails to state a claim of constitutional dimension.[37]  To the extent Plaintiff believes he paid for a service he did not receive, that would be a claim for breach of contract—a state law claim that does not rise to the level of a constitutional violation.

### C. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Plaintiff seeks to have this Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if those claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling

---

[34] R. Doc. 1-2, p. 1.
[35] *Lemar v. LeBlanc*, No. 12-340, 2012 WL 4024561, at *3 (M.D. La. Aug. 22, 2012).
[36] *Id.*
[37] *Morris v. Livingston*, 739 F.3d 740, 748-49 (5th Cir. 2014) ("[T]here is no general constitutional right to free health care.  [T]he Eighth Amendment does not compel prison administrators to provide cost-free medical services.") (internal quotation marks and citations omitted).

reasons.[38]  Having recommended that all Plaintiff's federal claims be dismissed with prejudice, it is further recommended that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's federal claims be **DISMISSED, WITH PREJUDICE**, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[39]

If the recommendation for dismissal of all federal claims is adopted, **IT IS FURTHER RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over any state law claims and that this case be **CLOSED**.

Signed in Baton Rouge, Louisiana, on June 25, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[38] 28 U.S.C. § 1367.

[39] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.